## EDGERTON v. EDGERTON.

Divorce: INHUMAN TREATMENT: EVIDENCE. In an action by a wife
for a divorce on the ground of inhuman treatment, where the
evidence showed many unseemly contentions between the parties,
and that they were both more or less in fault, but fell far short of
showing such inhuman treatment as to endanger plaintiff's life,
*held* that a divorce was properly denied.

*Appeal from Warren District Court.*—HON. J. H.
HENDERSON, Judge.

FILED, JANUARY 24, 1890.

ACTION for divorce and alimony upon the alleged
ground of inhuman treatment endangering life. The
case was tried to the court, and, after hearing all the
testimony offered on behalf of the plaintiff, and the
testimony of the defendant in his own behalf, the court
declined to hear further testimony on the part of the

defendant, and decreed that the bill of the plaintiff be dismissed; that the plaintiff pay a designated part of the costs; and that the defendant pay the balance. The plaintiff appeals.

*H. McNeil*, for appellant.

*McGarry & Brown* and *W. F. Powell*, for appellee.

GIVEN, J.—These parties were married in April, 1884, she being then twenty-six years of age, and he forty-four. They lived together as husband and wife until April, 1887, when she left his home. Unseemly contentions and disputes arose between them early in their married life, and continued to disturb their peace and comfort as long as they remained together. The cause of contention that led to the most serious differences was as to the proper manner of caring for their infant child. Each, with but little, if any, corroboration, and generally with direct contradiction, accused the other of many improper acts, and each testifies to having been threatened with violence from the other. The nature and causes of their contentions are very appropriately summed up by the appellant in her testimony, when, in response to questions by the court, she stated: "I suppose we are both to blame in these little spats and quarrels. I don't say as I was to blame, and don't say as he was all to blame, of course; no, sir. I would not say that; I don't want to tell a story if I know it." The testimony fully supports this statement that both were to blame, but it falls very far short of sustaining the charge of inhuman treatment endangering life. The decree of the district court is          AFFIRMED.